UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN D. BARLOW,

        Plaintiff,

        v.

MALE GENEVA POLICE OFFICER who
arrested me on January 2005, et al.,

        Defendants.

DECISION & ORDER

06-CV-6592CJS

        On August 18, 2011, the Second Circuit remanded this case to the district court to this Court to "renew its attempts to determine the identity of the defendant officer . . . , and to ensure that proper service be effected on the officer." *Barlow v. Male Geneva Police Officer who Arrested me on January 2005*, 2011 WL 3625054 *5 (Aug. 18, 2011). In addition, the Second Circuit strongly urged this Court to seek *pro bono* representation for plaintiff. *Id*. On October 12, 2011, plaintiff advised this Court by telephone that he wished to be represented by appointed counsel.

        The Court is permitted to appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.      Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

        The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). With this understanding, the Court has reviewed the facts presented herein in light of the factors required by law and finds that the appointment of counsel is appropriate in this matter.

        This Court hereby assigns Jessica M. Patrick, Esq. of Harter Secrest & Emery LLP, 1600 Bausch & Lomb Place, Rochester, New York 14604, *pro bono*, to faithfully and diligently represent the plaintiff in this case.

        The Clerk of the Court is directed to copy that portion of the file in this matter that is not currently available through PACER on the Court's Case Management/Electronic Case Management System and send it to Jessica M. Patrick, together with a copy of this Order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by

Court Appointed Counsel.[1]  The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so *pro bono* counsel can access and print at no cost to them or their firm any other documents filed herein that they may need.

A **status conference** will be held with the undersigned at 2310 U.S. Courthouse, 100 State Street, Rochester, New York on **December 6, 2011**, at **11:00 a.m.**, to discuss the status of the case.  Prior to the conference, Ms. Patrick is expected to confer with her client about the case.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       November   4  , 2011

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at <http://www.nywd.uscourts.gov/>.